UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

**HEAT & FROST INSULATORS LOCAL 19 AND
127 HEALTH FUND,
HEAT & FROST INSULATORS LOCAL 19 AND
127 APPRENTICESHIP FUND,
HEAT & FROST INSULATORS LOCAL 19 AND
127 INDUSTRY & LABOR MANAGEMENT FUND,
HEAT & FROST INSULATORS LOCAL 19 AND
127 VACATION AND HOLIDAY FUND,
HEAT & FROST INSULATORS LOCAL 19 AND
127 PENSION FUND,
HEAT & FROST INSULATORS LOCAL 19 AND
127 ANNUITY TRUST FUND,
and BRETT LARGE (in his capacity as Trustee),**

**HEAT & FROST INSULATORS LOCAL 127,**

        Plaintiffs,

  v.                                                        Case No. 17-CV-148

**ALL SYSTEMS INSULATION, INC.,**

        Defendant.

---

## COMPLAINT
---

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Philip E. Thompson, and as and for a cause of action against the Defendant, allege and show to the Court the following:

### Jurisdiction and Venue

1.    Jurisdiction of this Court upon Defendant All Systems Insulation, Inc. is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132) and section 301(a) of the Labor Management Relations

Act of 1947 ("LMRA"), as amended (29 U.S.C. § 185(a)), in that the Plaintiffs are aggrieved by All System Insulation's violation of one or more settlement agreements, collective bargaining agreements, trust plans and trust agreements, and Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, LMRA § 301, and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that the Defendant's principal business office is located in Outagamie County, Wisconsin.

**Parties**

3. Plaintiffs Heat & Frost Insulators Local 19 and 127 Health Fund, Heat & Frost Insulators Local 19 and 127 Apprenticeship Fund, Heat & Frost Insulators Local 19 and 127 Industry & Labor Management Fund, Heat & Frost Insulators Local 19 and 127 Vacation and Holiday Fund, Heat & Frost Insulators Local 19 and 127 Pension Fund, and Heat & Frost Insulators Local 19 and 127 Annuity Trust Fund are employee benefit plans within the meaning of ERISA §§ 3(1), (3), and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (3), and (37), 1132 and 1145), and bring this action on behalf of the trustees, participants, and beneficiaries of said Plans. Said Plans maintain an office at 11270 West Park Place, Suite 950, Milwaukee, WI 53224.

4. Plaintiff Brett Large is a trustee and a fiduciary of the Heat & Frost Insulators Local 19 and 127 Health Fund as well as a participant and beneficiary within

the meaning of ERISA (29 U.S.C. § 1002, et seq.) and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. Brett Large maintains an office at N27 W23155 Roundy Drive, Pewaukee, Wisconsin 53072.

5. Plaintiff Heat & Frost Insulators Locals 19 and 127 (hereinafter referred to the "Unions") are labor organizations within the meaning of 29 U.S.C. §158, et seq., and brings this action on behalf of the participants and members of the organization for whom it collects working dues. Said labor organization maintains offices at N27 W23155 Roundy Circle, Pewaukee, Wisconsin 53072.

6. Defendant All Systems Insulation, Inc. (hereinafter "All Systems") is a domestic corporation organized under the laws of the State of Wisconsin, engaged in business, with principal offices located at N4434 County Road EE, Appleton, Wisconsin 54913. Its registered agent for service of process is Charmaine Baumgart, N4434 County Road EE, Appleton, Wisconsin 54913.

## Facts

7. Defendant All Systems is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12), and (14) of ERISA (29 U.S.C. §§ 1002(5), (11), (12), and (14)) and the LMRA (29 U.S.C. § 151, et seq.).

8. For all times relevant, All Systems was a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter referred to as "Labor Agreements") between himself and Heat & Frost Insulators Local 19 and 127 (hereinafter referred to as "Unions").

9 The Union represents, for purposes of collective bargaining, certain of All Systems' employees and employees of other employers in industries affecting interstate

-3-

commerce within the meaning of LMRA §§ 2(5), 9(a) and LMRA § 301(a) (29 U.S.C. § 151, et seq.).

10      The Labor Agreements described herein contain provisions whereby All Systems agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said agreements.

11      By execution of the Labor Agreements, All Systems adopted the trust agreements and amendments thereof which establish and govern the Plaintiffs and are necessary for their administration, and designated as his representatives on the boards of trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

12      By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the trustees of said trust funds, All Systems has agreed as follows:

   a.   to file monthly reports and make timely and prompt contributions to the Plaintiffs for each employee covered by the Labor Agreements;

   b.   to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

   c.   to adopt and abide by all of the rules and regulations adopted by the trustees of the Plaintiffs pursuant to the trust agreements;

d. to adopt and abide by all of the actions of the trustees in administering the Plaintiffs in accordance with the trust agreements and the rules so adopted; and

e. to pay, in addition to all of the contributions which are due and owing, liquidated damages, and interest relative to delinquent contributions; and

f. to pay, in addition to contributions, liquidated damages, and interest, all actual attorney fees, audit fees, court costs, and service fees, should legal action be necessary to obtain delinquent contributions, interest, and liquidated damages.

13. All Systems has failed to perform his obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

a. failing to make continuing and prompt payments to the Plaintiffs as required by the Labor Agreements and trust agreements for all of All Systems' covered employees; and

b. failing to accurately report employee work status to the Plaintiffs.

14 ERISA § 502(g)(2), as amended by the MPPAA provides:

(2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan –

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of --

    (i) interest on the unpaid contributions, or

    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and

(E) such other legal or equitable relief as the Court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

15. ERISA § 515 (29 U.S.C. § 1145) provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

16. On October 6, 2014, All Systems agreed via email (attached as Exhibit A) it owed $44,600.37, and agreed to pay $28,432.42, representing contributions and interest, to the Funds. The Defendant never returned the executed Promissory Note ("Note") (attached as Exhibit B), but made 6 of the 17 outlined payments.

17. All Systems failed to make the remainder of the payments as outlined in the Note, allowing the Funds to seek the full balance of what is owed under the Note, minus payments received.

18. After deducting what has been paid by All Systems pursuant to the Note, All Systems currently owes the Funds the following:

| | |
|---|---|
| Heat & Frost Insulators Local 19 & 127 Health Fund | $6,290.42 |
| Heat & Frost Insulators Local 19 and 127 Apprenticeship Fund | $333.14 |
| Heat & Frost Insulators Local 19 and 127 Industry & Labor Management Fund | $119.61 |
| Heat & Frost Insulators Local 19 and 127 Vacation and Holiday Fund | $598.18 |
| Heat & Frost Insulators Local 19 and 127 Pension Fund | $15,430.16 |
| Heat & Frost Insulators Local 19 and 127 Annuity Fund | $4,960.64 |
| Heat and Frost Insulators Local 127 (Dues) | $953.20 |

19. All Systems has defaulted with the Funds and has failed to cure said default.

20. All Systems has accumulated additional interest and liquidated damages for the audit period after the promissory note, May 1, 2014 through July 31, 2015. All Systems owes the Funds the following for the audit period of May 1, 2014 through July 31, 2015:

| | |
|---|---|
| Heat & Frost Insulators Local 19 and 127 Pension Fund | $13,418.87 |
| Heat & Frost Insulators Local 19 and 127 Annuity Fund | $4,519.94 |

**Claim One - Against Defendant All Systems Insulation, Inc.
Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)**

21. As and for a first claim for relief against All Systems, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 20 above and incorporate the same as though fully set forth herein word for word.

22. Due demand has been made by the Plaintiff Funds upon All Systems for payment of all sums due and owing under the audits for January 1, 2014 through April 31, 2014 and May 1, 2014 through July 31, 2015, but said Defendant has refused to pay them, or parts thereof, and amounts remain due and owing.

23. Pursuant to 29 U.S.C. §1145, the Plaintiff Funds may file suit to collect all contributions, interest, and liquidated damages owed to them by All Systems, as a result of its breach of its contractual obligation to submit contributions to the Plaintiff Funds.

## Claim Two - Against Defendant All Systems Insulation, Inc.
## Violation of LMRA § 301 (29 U.S.C. §185)

24. As and for a second claim for relief against All Systems, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 23 above and incorporate the same as though fully set forth herein word for word.

25. Due demand has been made upon All Systems for payment of the contributions, interest, and liquidated damages listed above as owed to the Heat and Frost Insulators and Asbestos Workers Local 127 Dues ("Union"), but said Defendant has refused to pay them, or parts thereof, and amounts remain due and owing.

26. Because, as the Union is informed and believe, All Systems has not paid timely and prompt contributions on behalf of all covered employees, those amounts are owed to the Union and their incomes are reduced. Consequently, the LMRA has been violated, and the Union is entitled to all of the remedies provided by the LMRA.

## Claim Three - Against Defendant All Systems Insulation, Inc.
## For Breach of Contract

27. As and for a third claim for relief against All Systems, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 26 of the complaint.

28. By entering into a settlement agreement with the Plaintiffs, All Systems agreed that it owed to the Plaintiffs the amount of $44,600.37, and to pay to the Plaintiffs that full amount owed.

29. By failing to make payments required by the settlement agreement, and becoming in default of the settlement agreement, All Systems has breached the settlement agreement.

30. The Plaintiffs therefore can enforce All Systems promise to pay the amount of $44,600.37, minus installment payments received totaling $15,714.99 through a breach of contract action.

**WHEREFORE**, the Funds demand the following relief:

1. Judgment on behalf of the Funds and against All Systems as follows:

    A. For $28,885.38 representing the amounts outstanding owed to the Plaintiffs pursuant to the Note between the Funds and All Systems for the audit period January 1, 2014 through April 30, 2014;

    B. For $17,938.81 representing unpaid interest and liquidated damages owed to the Funds for the period May 1, 2014 through July 31, 2015;

    C. For unpaid contributions, interest, and liquidated damages owed to the Funds arising after the commencement of this lawsuit through the date of judgment; and

    D. Actual attorney fees and costs.

2. For such other, further, or different relief as the Court deems just and proper.

Dated this 31st day of January, 2017.

/s/ Philip E. Thompson
Philip E. Thompson (SBN: 1099139)
The Previant Law Firm, S.C.
310 West Wisconsin Avenue, Suite 100 MW
Milwaukee, WI 53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: pet@previant.com

Attorneys for Plaintiffs